**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rumi Salazar, | No. CV-10-99-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Lehman Brothers Bank; Faslo Solutions; Camelback Title; MERS; Aurora Loan Services; and Quality Loan Service, | |
| Defendants. | |

This action arises from a trustee's sale of real property located in Litchfield Park, Arizona. Plaintiff filed a complaint against Defendants on January 19, 2010. Dkt. #1. The complaint purports to assert claims for violation of federal due process rights (*id.* ¶¶ 30-45), deprivation of rights under cognovit note (*id.* ¶¶ 46-78), and deprivation of rights due to unconscionability and adhesion contracts (*id.* ¶¶ 79-113).

Defendants Lehman Brothers Bank, Aurora Loan Services, and Quality Loan Service have filed a motion to dismiss for lack of subject matter jurisdiction. Dkt. #5. Plaintiff has filed a response (Dkt. #7) and a motion for leave to amend and for a restraining order (Dkt. #8). For reasons stated below, the Court will grant the motion for leave to amend, deny the motion to dismiss as moot, and deny the motion for a restraining order.[1]

---

[1] Defendants' requests for oral argument are denied because the parties have fully briefed the issues and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

**I.     The Motion to Dismiss and the Motion for Leave to Amend.**

The complaint should be dismissed for lack of subject matter jurisdiction, Defendants argue, because it fails to state a valid federal claim under 42 U.S.C. §§ 1983 and 1985. Dkt. #5. Plaintiff seeks leave to amend the complaint to cure deficiencies raised in the motion to dismiss and to add claims under the Truth in Lending Act and the Real Estate Settlement Procedures Act. Dkt. #8 at 4, 12, 15. Defendant opposes the request for leave to amend on the ground that Plaintiff has failed to satisfy Rule 15 of the Federal Rules of Civil Procedure. Dkt. #9.

Under Rule 15(a)(1), a party may amend his pleading once as a matter of course within 21 days after serving it or within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A)-(B). Rule 15(a)(2) provides that in all other cases a party may amend his pleading only with the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2). The rule makes clear, however, that the Court "should freely give leave when justice so requires." *Id.* This policy in favor of leave to amend must not only be heeded by the Court, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), it must also be applied with extreme liberality, *see Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 880 (9th Cir. 2001).

The Court, in the interest of justice, will grant Plaintiff leave to file an amended complaint. *See Neuendorf v. Unknown Party*, No. CV 10-124-PHX-RCB (DKD), 2010 WL 1743198, at *2 (D. Ariz. Apr. 27, 2010). Plaintiff shall file his amended complaint by **June 4, 2010**. The motion to dismiss the original complaint will be denied as moot.

For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a)(1)-(3). These pleading requirements shall be set forth in separate and discrete paragraphs. Each paragraph must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Plaintiff is advised that to survive dismissal, the amended complaint must plead "enough *facts* to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient *factual allegations* to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

Plaintiff asserts that he "needs sufficient opportunity to conduct discovery" in order to file a complete complaint. Dkt. #1 ¶ 22. Rule 8, however, "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950. To allow Plaintiff to conduct discovery before he has stated valid claims to relief "would subvert the purpose of the pleading requirements." *Carpa v. Smith*, No. CIV 96-1453 PHX EHC, 1998 WL 723153, at *4 (D. Ariz. July 20, 1998).

Plaintiff should take notice that all claims asserted in the original complaint that are not reasserted in the amended complaint are waived. *See Neuendorf*, 2010 WL 1743198, at *2 (citations omitted); *see also* LRCiv 15.1.

**II.     Plaintiff's Motion for a Restraining Order.**

Plaintiff requests an order enjoining Defendants from "taking any and all action to foreclose[.]" Dkt. #8 at 12. To obtain a temporary restraining order or a preliminary injunction, a plaintiff must show that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *See Winter v. NRDC*, 129 S. Ct. 365, 374 (2008); *Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009). Plaintiff has not shown that he is likely to succeed on the merits. The Court therefore need not consider whether he has shown irreparable injury, a favorable balance of equities, or public interest favoring a restraining order. *See Winter*, 129 S. Ct. at 375; *Fordjour v. Napolitano*, No. S-09-1800 JAM EFB P., 2010 WL 444798, at *7 (E.D. Cal. Feb. 2, 2010).

### III. Plaintiff's Obligations.

Plaintiff is again advised (*see* Dkt. #6) that even though he is proceeding pro se, he is still required follow the Federal Rules of Civil Procedure and the Court's Local Rules of Civil Procedure. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986). Plaintiff also is reminded that if he fails to prosecute this action, or if he fails to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**IT IS ORDERED:**

1. Plaintiff's motion for leave to file an amended complaint (Dkt. #8) is **granted**. Plaintiff shall file his amended complaint by **June 4, 2010**.
2. Plaintiff is warned that the Court may dismiss this action with prejudice if he fails to comply with this order.
3. Defendants' motion to dismiss the original complaint (Dkt. #5) is **denied** as moot.
4. Plaintiff's motion for a restraining order (Dkt. #8) is **denied**.
5. The Clerk is directed to mail a copy of this order to Plaintiff at the following addresses: (1) P.O. Box 11054, Scottsdale, Arizona, 85271; **and** (2) 18017 West Montebello Avenue, Litchfield Park, Arizona, 85340.

DATED this 14th day of May, 2010.

_____
David G. Campbell
United States District Judge