**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Rumi Salazar, | ) No. CV-10-0099-PHX-DGC |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Lehman Brothers Bank; Faslo Solutions; Camelback Title; MERS; Aurora Loan Services; and Quality Loan Service Corp. AZ, | ) |
| Defendants. | ) |

This action arises from a trustee's sale of real property located in Litchfield Park, Arizona. Plaintiff filed suit against Defendants on January 19, 2010. Doc. 1. The amended complaint purports to assert ten claims for relief. Doc. 13. Defendants Lehman Brothers Bank ("Lehman"), Aurora Loan Services, LLC ("Aurora"), and Quality Loan Service Corporation ("Quality") have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 16. The motion is fully briefed. Docs. 19, 20. For reasons stated below, the motion will be granted.[1]

**I.      Rule 12(b)(6) Standard.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). "'[C]onclusory

---

[1] Defendants' request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.'" *In re Cutera Sec. Litig.*, 610 F.3d 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard requires sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## II.    Count One: Violation of the Real Estate Settlement Procedures Act.

In count one of the complaint, Plaintiff asserts a claim against Aurora and Quality under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA" or the "Act"). Doc. 13 ¶¶ 44-56. Aurora and Quality are alleged to have breached their RESPA duties by failing adequately to respond to Plaintiff's qualified written request ("QWR"). *Id.* ¶¶ 7, 50-54.

Where a borrower sends a QWR to the servicer of his loan requesting information relating to the servicing of his loan, the Act requires the servicer to acknowledge receipt of the QWR within 20 days and fix any errors or explain why the loan is correct within 60 days. 12 U.S.C. § 2605(e)(1)-(2). Any servicer failing to comply these requirements will be liable to the borrower for his actual damages, and for statutory damages in an amount not to exceed $1,000 where the borrower shows a pattern or practice of noncompliance by the servicer. 12 U.S.C. § 2605(f)(1)(A)-(B).

Quality seeks dismissal of count one on the ground that the complaint does not allege, and Plaintiff cannot otherwise show, that Quality is a loan servicer under section 2605(e) of the Act. Doc. 16 at 4-5; *see* 12 U.S.C. § 2605(i)(2)-(3) (defining the terms "servicer" and "servicing"). The complaint affirmatively alleges that Quality was the "trustee" for the subject loan and Aurora was the "loan servicer." Doc. 13 ¶¶ 39, 42. Because Quality is not

1     alleged to be the servicer of Plaintiff's loan, it may not be held liable under section 2605(e).

2     The Court will grant the motion to dismiss in this regard. *See Khan v. GMAC Mortg., LLC*,

3     No. 2:10-cv-00900-GEB-JFM, 2010 WL 2635095, at *3 (E.D. Cal. June 30, 2010)

4     (dismissing RESPA claims where the defendants were not alleged to be loan servicers).

5            Aurora seeks dismissal on the ground that Plaintiff's demand for information about

6     the validity of the loan and for mortgage documents does not constitute a QWR under the

7     Act. Doc. 16 at 5. The complaint alleges that Plaintiff sent Aurora a "QWR as defined under

8     RESPA[.]" Doc. 13 ¶ 47. "This conclusory allegation does not establish that . . . alleged

9     QWRs are indeed QWRs pursuant to 12 U.S.C. § 2605(e)(1)(B)." *Durland v. Fieldston*

10    *Mortg. Co.*, No. 10 CV 125 JLS (CAB), 2010 WL 3489324, at *3 (S.D. Cal. Sept. 3, 2010).

11    The purported QWR is, however, included as part of the complaint. Doc. 1 at 70-80. That

12    document arguably constitutes an adequate QWR in that it enables the servicer to identify

13    "the name and account of the borrower," and includes "a statement of the reasons for the

14    belief of the borrower . . . that the account is in error or provides sufficient detail to the

15    servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).

16           But "alleging a breach of RESPA duties alone does not state a claim under RESPA."

17    *Rosenfeld v. JPMorgan Chase Bank, N.A.*, --- F. Supp. 2d ----, 2010 WL 3155808, at *11

18    (N.D. Cal. Aug. 9, 2010). Plaintiff must allege that the failure adequately to respond to the

19    QWR resulted in "actual damages." 12 U.S.C. § 2605(f)(1)(A); *see Shepherd v. Am. Home*

20    *Mortg. Servs., Inc.*, No. 09-1916 WBS GGH, 2009 WL 4505925, at *3 (E.D. Cal. Nov. 20,

21    2009). Courts "have read section 2605 as requiring a showing of pecuniary damages to state

22    a claim." *Molina v. Wash. Mut. Bank*, No. 09cv894-IEG (AJB), 2010 WL 431439, at *7

23    (S.D. Cal. Jan. 29, 2010) (collecting cases).

24           Plaintiff has not sufficiently alleged actual or statutory damages. The complaint

25    alleges generally that "[a]s a direct and proximate result of defendants Aurora Loan Services

26    and Quality Loan's failure to comply with RESPA, . . . Plaintiff has suffered and continues

27    to suffer damages[.]" Doc. 13 ¶ 56. The complaint "fails to allege *specific facts* sufficient

28    to support how Defendant[s'] alleged failure to respond to Plaintiff's QWR[] resulted in

1    pecuniary damages." *Durland*, 2010 WL 3489324, at *4 (emphasis added). Nor does the

2    complaint plead facts "plausibly [showing] a pattern or practice of noncompliance with

3    RESPA" as required for an award of statutory damages. *Id.*; *see* Doc. 13 ¶ 54.

4         The RESPA claim asserted in count one will be dismissed. *See Rosenfeld*, 2010 WL

5    3155808, at *11 (dismissing RESPA claim where the plaintiff "failed to allege any facts in

6    support of his conclusory allegation that [d]efendants are liable for 'compensable

7    damages'"); *Copeland v. Lehman Bros. Bank, FSB*, No. 09cv1774-WQH-RBB, 2010 WL

8    2817173, at *4 (S.D. Cal. July 15, 2010) (dismissing claim where the plaintiff failed to

9    "plead non-conclusory factual allegations indicating how he was damaged by the alleged

10   failure to fully respond to the QWR" and failed to "allege facts which would plausibly show

11   a pattern and practice of RESPA violations"); *Williams v. Wells Fargo Bank, N.A.*, No. C 10-

12   00399 JF (HRL), 2010 WL 1463521, at *3 (N.D. Cal. Apr. 13, 2010) ("Plaintiffs allege only

13   that the RESPA violation has 'caused Plaintiffs damage in an amount to be determined at

14   trial.' This conclusory allegation is insufficient, even under a liberal pleading standard.").

15   **III.    Count Two: Violation of the Truth in Lending Act.**

16        Count two asserts a claim against Lehman for damages and rescission under the Truth

17   in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA" or the "Act"). Doc. 13 ¶¶ 13, 57-67.

18   TILA "is intended to protect consumers in credit transactions by requiring 'meaningful

19   disclosure of credit terms.'" *Rosenfeld*, 2010 WL 3155808, at *8 (quoting 15 U.S.C. §

20   1601(a)). A lender's violation of the Act "allows the borrower to seek damages or to rescind

21   [certain] consumer loan[s] secured by the borrower's primary dwelling." *Copeland*, 2010

22   WL 2817173, at *5; *see* 15 U.S.C. §§ 1640(a)(1), 1635(a).

23        Lehman argues that the claim for damages is time barred and the claim for rescission

24   fails as a matter of law because rescission does not apply to residential mortgage transactions.

25   Doc. 16 at 5-6. The Court agrees.

26        The claim for damages is subject to a one-year statute of limitations, 15 U.S.C.

27   § 1640(e), which "starts at the consummation of the transaction," *King v. California*,

28   784 F.2d 910, 915 (9th Cir. 1986). "'Consummation' is defined under the statute as 'the

time that a consumer becomes contractually obligated on a credit transaction.'" *Grimes v. New Century Mortg. Corp.*, 340 F.3d 1007, 1009 (9th Cir. 2003) (quoting 12 C.F.R. § 226.2(a)(13)).

The transaction in this case was consummated on May 4, 2006, when Plaintiff signed the promissory note and deed of trust in connection with his purchase of the Litchfield Park property. Doc. 19 at 2; *see Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (alleged TILA violations occurred at the time the loan documents were signed). The one-year limitations period therefore expired on May 5, 2007. Plaintiff filed suit more than two years later.

"Equitable tolling of TILA claims may be appropriate 'in certain circumstances,' and can operate to 'suspend the limitations period until the borrower discovers or had reasonable opportunity to discovery the fraud or non-disclosures that form the basis of the TILA action.'" *Rosenfeld*, 2010 WL 3155808, at *8 (quoting *King*, 785 F.2d at 914-15). Dismissal is appropriate, however, "when a plaintiff fails to allege facts demonstrating that he could not have discovered the alleged violations by exercising reasonable diligence[.]" *Id.* Plaintiff asserts that his claim for damages is timely "because of defendants' willful failure to make material disclosure *at the commencement of the loan*." Doc. 19 at 11 (emphasis added). But he does not allege an inability, despite diligent effort on his part, to discover the claimed TILA violations within the limitations period. Because Plaintiff has failed to allege facts showing equitable tolling may be warranted, the TILA claim for damages will be dismissed as time barred. *See Rosenfeld*, 2010 WL 3155808, at *9; *Copeland*, 2010 WL 2817173, at *6; *Khan*, 2010 WL 2635095, at *2; *Distor v. U.S. Bank NA*, No. C 09-02086 SI, 2009 WL 3429700, at *4 (N.D. Cal. Oct. 22, 2009) (dismissing TILA damages claim where the plaintiff had "not pled any facts suggesting why she did not have a 'reasonable opportunity to discover' the alleged nondisclosures within the one year statutory period"); *see also Hubbard v. Fidelity Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996) (plaintiff not entitled to equitable tolling where "nothing prevented [her] from comparing the loan contract, [the lender's] initial disclosure, and TILA's statutory and regulatory requirements").

1      Residential mortgage transactions are exempt from the right to rescission under TILA,

2  15 U.S.C. § 1635(e)(1), and are defined as "a transaction in which a mortgage [or] deed of

3  trust . . . is created or retained against the consumer's dwelling to finance the acquisition or

4  initial construction of such dwelling," 15 U.S.C. § 1602(w).  Plaintiff does not dispute that

5  the promissory note and deed of trust constitute a purchase money loan for the Litchfield

6  Park residence.  *See Garavito v. GE Money Bank*, No. 08-CV-2215-H (AJB), 2010 WL

7  744284, at *3 (S.D. Cal. Mar. 2, 2010).  That transaction is therefore a "residential mortgage

8  transaction exempt from TILA rescission."  *Manabat v. Sierra Pac. Mortg. Co.*, No. CV F

9  10-1018 LJO JLT, 2010 WL 2574161, at *2 (E.D. Cal. June 25, 2010); s*ee Khan*, 2010 WL

10  2635095, at *3.

11      Moreover, because the property has been sold (Doc. 13 ¶ 22), Plaintiff's "rescission

12  claim must necessarily fail, even though the sale was an involuntary foreclosure sale."

13  *Distor*, 2009 WL 3429700, at *3; *see Meyer*, 342 F.3d at 902 (TILA right to rescission

14  expires when property is sold) (citing 12 C.F.R. § 226.23(a)(3)).

15      The TILA claim asserted in count two will be dismissed.  *See Fuentes v. Duetsche*

16  *Bank*, No. 09 CV 502 JM(PCL), 2009 WL 1971610, at *3 (S.D. Cal. July 8, 2009)

17  (dismissing TILA damages claim as untimely and rescission claim as exempt).

18  **IV.   Count Three: Violation of the Fair Debt Collection Practices Act.**

19      Plaintiff alleges in count three that Quality violated the Fair Debt Collection Practices

20  Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), by falsely stating the amount owing on the debt,

21  by attempting to collect an amount not expressly authorized by the agreement, and by failing

22  to provide verification of the debt and continuing collection efforts after it was disputed.

23  Doc. 13 ¶¶ 68-69.  Quality argues that count three must be dismissed because the complaint

24  alleges no facts showing Quality to be a debt collector within the meaning of the FDCPA.

25  Doc. 16 at 6.  Plaintiff does not address this argument.

26      "The FDCPA, by and large, regulates debt collectors."  *Hedman v. Aurora Loan*

27  *Servs.*, No. 2:10-cv-01229-MCE-KJN, 2010 WL 3784170, at *2 (E.D. Cal. Sept. 27, 2010).

28  "The term 'debt collector' means any person who uses any instrumentality . . . or the mails

1  in any business the principal purpose of which is the collection of debts, or who regularly

2  collects or attempts to collect . . . debts owed or due . . . another." 15 U.S.C. § 1692a(6).

3      Count three asserts in conclusory fashion that Quality "is a debt collector." Doc. 13

4  ¶ 42. "Threadbare recitals of the elements of a cause of action, supported by mere

5  conclusory statements, do not suffice" to defeat a motion to dismiss. *Iqbal*, 129 S. Ct. at

6  1949. The factual allegations of the complaint provide that Quality acted as the "duly

7  appointed Trustee under the Deed of Trust," recorded a "Notice of Trustee Sale on

8  September 4, 2009," and "went forward with the public auction which resulted in Aurora

9  Loan being granted and conveyed the Subject Property by Quality." Doc. 13 ¶¶ 5, 22. It is

10  well established that "foreclosing on a property pursuant to a deed of trust is not the

11  collection of a debt within the meaning of the FDCPA." *Duran v. Aurora Loan Servs.*, No.

12  1:09cv0138 OWW DLB, 2009 WL 1110643, at *2 (E.D. Cal. Apr. 24, 2009); *see Miller v.

13  Wells Fargo Home Mortg.*, No. CIV S-10-0284 GEB DAD PS, 2010 WL 3431802, at *7

14  (E.D. Cal. Aug. 31, 2010); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d

15  1184, 1182 (D. Ariz. 2009). Because the complaint, even when liberally construed, alleges

16  no facts showing Quality to be a debt collector within the meaning of the FDCPA, count

17  three will be dismissed. *See Duran*, 2009 WL 1110643, at *2 (dismissing FDCPA claim

18  asserted against Quality because its foreclosure activities "did not fall within the terms of

19  [the] FDCPA").

20  **V.     Count Four: Wrongful Foreclosure.**

21      Defendants wrongfully foreclosed on the deed of trust, Plaintiff alleges in count four,

22  because they are not in possession of the note and failed to comply with statutory notice

23  requirements and otherwise committed fraud. Doc. 13 ¶¶ 71-82. The complaint does not

24  plausibly suggest an entitlement to relief for wrongful foreclosure. Courts in this District and

25  others "repeatedly [have] rejected debtors' attempts to assert the so-called 'show me the note'

26  theory." *Robinson v. Wells Fargo Bank, N.A.*, No. CV 09-2066-PHX-JAT, 2010 WL

27  2534192, at *4 (D. Ariz. June 18, 2010) (citing *Diessner v. MERS*, 618 F. Supp. 2d 1178,

28  1181 (D. Ariz. 2009)); *see Mansour*, 618 F. Supp. 2d at 1187-88 & n.15 (collecting cases).

1   Given that Plaintiff had defaulted on his mortgage, the trustee was entitled to exercise the

2   power of sale under the deed of trust.  "[N]o statutory requirement or other duty required

3   Defendants to possess and produce the original [n]ote" before exercising that power.

4   *Contreras v. U.S. Bank*, No. CV-09-137-PHX-NVW, 2009 WL 4827016, at *6 (D. Ariz.

5   Dec. 15, 2009).  The complaint's conclusory notice allegations are insufficient under

6   Rule 8(a)(2), and the allegations of fraud are not stated with particularity as required under

7   Rule 9(b).  *See AOM Group, LLC v. Wachovia Mortg., FSB*, No. CV-10-00545-PHX-FJM,

8   2010 WL 3190677, at *3 (D. Ariz. Aug. 12, 2010).  Count four will be dismissed.

9   **VI.    Counts Five and Six: Fraudulent Misrepresentations.**

10  Counts five and six allege fraud on the part of Defendants, that is, that they knowingly

11  made false and material statements to Plaintiff regarding the subject loan and residence.

12  Doc. 13 ¶¶ 84-86, 94-96.  Defendants argue that the complaint fails to allege fraud with the

13  requisite particularity.  Doc. 16 at 7.  They are correct.

14  To satisfy Rule 9(b)'s heightened pleading standard, "a plaintiff 'must state the time,

15  place, and specific content of the false representations as well as the identities of the parties

16  to the misrepresentations.'"  *Stejic v. Aurora Loan Servs., LLC*, No. 09-CV-819-PHX-GMS,

17  2009 WL 4730734, at *4 (D. Ariz. Dec. 1, 2009) (quoting *Schreiber Distrib. Co. v. ServWell

18  Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).  The plaintiff also "'must set forth what

19  is false or misleading about the statement, and why it is false.'"  *Id.* (quoting *Vess v. Ciba-

20  Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).  "Rule 9(b) does not allow a

21  complaint to merely lump multiple defendants together but 'requires plaintiffs to differentiate

22  their allegations . . . and inform each defendant separately of the allegations surrounding his

23  alleged participation in the fraud.'"  *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir.

24  2007) (citation omitted).  Although the complaint spans nearly 100 pages (including

25  exhibits), it does not plead fraud with particularity.  Counts five and six will be dismissed.

26  **VII.   Count Seven: Violations of the Arizona Business and Professions Code.**

27  Count seven asserts that Defendants committed unfair and fraudulent business

28  practices "as defined by Arizona Business & Professions Revised [Statutes]."  Doc. 13 ¶ 102.

1   Defendants argue that count seven must be dismissed because it cites no Arizona law, but

2   instead references California Civil Code § 3345.  Plaintiff does not respond to this argument.

3   Because count seven fails to state a plausible claim to relief under Arizona law, it will be

4   dismissed.

5   **VIII.   Counts Eight and Nine: Breach of Contract and Breach of the Implied Covenant.**

6          The breach of contract claim asserted in count eight alleges that Defendants breached

7   their agreements with Plaintiff by failing to provide him with an "affordable loan given [his]

8   age and fixed income."  Doc. 13 ¶ 109.  Count nine alleges that Defendants breached

9   the implied covenant of good faith and fair dealing by failing to "pay at least as much

10  consideration to Plaintiff['s] financial interest as to said Defendants' financial interest[.]"

11  *Id.* ¶¶ 113, 117.

12         Aurora and Quality may not be held liable because they were not parties to the

13  promissory note and deed of trust.  Plaintiff complains about the affordability of the loan, but

14  does not allege how the contract was breached.  Nor does he allege how Defendants

15  prevented him from receiving the benefits of the contract.  Counts eight and nine will be

16  dismissed for failure to state a plausible claim to relief.  *See Kincaid v. Wells Fargo Bank,*

17  *N.A.*, No. CV-10-579-PHX-DGC, 2010 WL 2899058, at *2-3 (D. Ariz. July 22, 2010)

18  (dismissing breach of contract claim where the defendant did not breach any specific promise

19  in the contract and dismissing breach of the implied covenant where foreclosure due to

20  default was contemplated by the contract).

21  **IX.   Count Ten: Quiet Title.**

22         Alleging that Defendants claim an interest in the subject property adverse to his own,

23  Plaintiff seeks a "judicial declaration quieting title in [his] name[] as of May 11, 2006, the

24  date on which the Subject Loan was consummated."  Doc. 13 ¶ 121.  Defendants argue,

25  correctly, that this claim fails given that Plaintiff conveyed his interest in the property to a

26  corporate entity on November 30, 2009 (Docs. 16, 19 at 12), and the property was later

27  purchased by Aurora at the trustee's sale held on January 19, 2010 (Doc. 13 ¶ 22).

28  "[B]ecause the property has already been sold, quiet title is no longer an appropriate action

1   to seek to undo the foreclosure.  Plaintiff's claim to title has already been extinguished."

2   *Distor*, 2009 WL 3429700, at *6; *see Myvett v. Litton Loan Servicing, LP*, No. CV-08-5797

3   MMC, 2010 WL 761317, at *6 (N.D. Cal. Mar. 3, 2007) ("[P]laintiffs' claim to the property

4   is extinguished as they allege and admit the property has been sold; consequently, plaintiffs'

5   action to quiet title necessarily fails."); *Lopez v. Chase Home Fin., LLC* , No. 09-0449 LJO

6   GSA, 2009 WL 981676, at *7 (E.D. Cal. Apr. 9, 2009) ("If the foreclosure is successful, title

7   will change, and the quiet title claim is an improper means to challenge foreclosure.").

8        Moreover, Plaintiff "cannot state a claim to quiet title without paying off the debt."

9   *Ramirez v. SCME Mortg. Bankers, Inc.*, No. 09cv1931-L(POR), 2010 WL 2839476, at *4

10  (S.D. Cal. July 19, 2010).  Because Plaintiff has not offered to repay, much less repaid, the

11  outstanding loan amount, he cannot quiet title to the property.  *See id.*; *Distor*, 2009 WL

12  3429700, at *6 ("Defendants are correct that plaintiff has no basis to quiet title without first

13  discharging her debt, and that she has not alleged that she has done so and is therefore the

14  rightful owner of the property.").  Count ten will be dismissed.

15  **X.  Leave to Amend.**

16       The Court recognizes that leave to amend should be freely given when justice so

17  requires.  Fed. R. Civ. P. 15(a)(2).  Plaintiff, however, already has amended his complaint

18  in response to Defendants' original motion to dismiss.  Doc. 5, 13.  That amendment failed

19  to cure the deficiencies identified in the motion to dismiss.  Doc. 13.  Before filing his

20  amended complaint, Plaintiff was advised of Rule 8's pleading requirements as interpreted

21  by the Supreme Court in *Twombly* and *Iqbal*.  Doc. 11 at 2-3.  Plaintiff has not shown, and

22  it does not otherwise appear to the Court, that the amended complaint's deficiencies can be

23  cured through additional amendment.  The Court will therefore deny leave to amend.  *See*

24  *Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend may be denied as futile);

25  *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (affirming denial

26  of leave to amend where the complaint could not be saved by any amendment).

27  **XI.  The Unserved Defendants.**

28       Plaintiff filed suit against Defendants nearly ten months ago.  Doc. 1.  Pursuant to

Rule 4(m), Plaintiff had 120 days – until May 19, 2010 – to serve process on Defendants. It does not appear from the Court's docket that service has been made on Defendants Faslo Solutions, Camelback Title, and MERS.

In his response to the motion to dismiss, filed August 6, 2010, Plaintiff requests an additional 30 days to complete service on the ground that he is "not familiar with the rules of service and how service has to be accomplished . . . other than direct mailing of [the] pleading." Doc. 19 at 14. Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. As this Court previously has explained (Doc. 11 at 4), even though he is proceeding pro se, Plaintiff is still required to follow the Federal Rules of Civil Procedure and diligently prosecute this action. *See id.* The Court concludes that Plaintiff has not shown good cause to extend the service deadline under Rule 4(m). Moreover, as explained more fully above, the complaint does not state a claim to relief against any Defendant.

**IT IS ORDERED:**

1.      The motion to dismiss the amended complaint filed by Defendants Lehman Brothers Bank, Aurora Loan Services, LLC, and Quality Loan Service Corporation (Doc. 16) is **granted**.

2.      The claims asserted in the amended complaint against Defendants Faslo Solutions, Camelback Title, and MERS are **dismissed**.

3.      The Clerk is directed to enter judgment accordingly.

DATED this 12th day of October, 2010.

David G. Campbell
United States District Judge